NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3273

UNITED STATES OF AMERICA

vs.

GARY DEAN RHOADES,
d/b/a RHOADES CAPITAL MANAGEMENT,
                    Gary Dean Rhoades, Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 04-cr-00051E )
District Judge:  Honorable Maurice B. Cohill, Jr.

Submitted Under Third Circuit L.A.R. 34.1(a)
May 17, 2006
Before:  RENDELL, Van ANTWERPEN and WEIS, Circuit Judges.
(Filed:  May 24, 2006)

OPINION

WEIS, Circuit Judge

  Plaintiff pleaded guilty to two counts of mail fraud and one count of wire fraud.  He was sentenced to forty-six months of imprisonment to be followed by three years of supervised release.  His appeal contends that the District Court erred in deciding

1

that he occupied a position of trust for purposes of section 3B1.3 of the United States Sentencing Guidelines. The District Court concluded that "there is no doubt in the Court's mind here that Mr. Rhoades did occupy a position of trust and that he violated that trust."

The defendant acted as a financial advisor to Venango County and Northwestern School District. Because this opinion is not precedential, we need not review the details of his criminal scheme, which were adequately developed in the evidentiary hearing prior to sentencing. By misusing the authority the County and School District granted him to place funds for investment, he caused heavy losses to both governmental agencies.

Section 3B1.3 provides, in relevant part, that "if the defendant abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels." U.S.S.G. § 3B1.3. "Professional or managerial discretion (i.e. substantial discretionary judgment that is ordinarily given considerable deference)" characterize positions of trust for purposes of section 3B1.3. U.S.S.G. § 3B1.3 cmt.1. Our Court has established a three-prong test to determine whether an individual occupies a position of trust for the purposes of section 3B1.3: "(1) whether the position allows the defendant to commit a difficult-to-detect wrong; (2) the degree of authority which the position vests in defendant vis-a-vis the object of the wrongful act; (3) whether there has been reliance on the integrity of the person occupying the position." United States v. Pardo, 25 F.3d 1187, 1192 (3d Cir.

1994).

The district judge found that the defendant's position "allowed him to commit a difficult to detect wrong," he had authority to carry out the wrongful act, and that Venango County and Northwestern School District relied on his integrity.

We conclude that the District Court did not err in finding that the defendant occupied a position of trust under the Guidelines and therefore an enhancement was proper.  In any event, the sentence was reasonable and was not "'imposed in violation of the law.'" United States v. Cooper, 437 F.3d 324 (3d Cir. 2006) (quoting 18 U.S.C. § 3742(a)(1)).

Accordingly, the Judgment of Sentence will be affirmed.